UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TERENCE EDWARD WHEATLEY,

    Plaintiff,

v.                                                Case No. 3:24cv251-LC-HTC

ASSISTANT PUBLIC DEFENDER BONNIE HANNA STAPLES,
 and HEAD PUBLIC DEFENDER BRUCE A. MILLER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Terence Edward Wheatley, a prisoner proceeding *pro se* and *in forma pauperis*, files this action under 42 U.S.C. § 1983 seeking monetary damages from the public defenders who represented him in his criminal case. Doc. 1. After reviewing the amended complaint,[1] the undersigned finds this action should be DISMISSED. As the court told Wheatley when he attempted to assert these same claims in a prior action, an assistant public defender does not act under color of state law when she represents a defendant in a criminal action. *See Wheatley v. Escambia County Jail Et Al*, 3:23-cv-21353-TKW-ZCB.

---

[1] Although Plaintiff titled the filing as an amended complaint, it is the initial complaint in this case. As discussed below, to the extent Plaintiff was trying to file an amended complaint in his prior case, rather than start a new action, he cannot do so because the case is closed.

I.      **Legal Standard**

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim, Plaintiff must plead factual content which allows the Court to draw the reasonable inference the Defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must liberally construe Plaintiff's *pro se* allegations, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

II.     **Discussion**

Wheatley is an inmate currently incarcerated at the Escambia County Jail. He brings this action against Assistant Public Defender Staples and Public Defender Miller, complaining about their representation of him in a criminal matter in which he was found guilty. Wheatley brought these same claims against Staples and Miller in October 2023. *See Wheatley v. Escambia County Jail Et Al*, 3:23-cv-21353-TKW-ZCB. In that case, Magistrate Judge Bolitho entered an order instructing Wheatley that a public defender does not act under color of state law when engaged

in his or her general representation of a criminal defendant and cannot be sued under 42 U.S.C. § 1983. Doc. 7 in 3:23cv21352 (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981)). Judge Bolitho gave Wheatley a chance to amend his complaint or file a notice of voluntary dismissal, but Wheatley failed to respond. Therefore, Judge Bolitho recommended the case be dismissed for failure to comply with Court orders, and District Judge Wetherell adopted the Report and Recommendation and dismissed the case without prejudice on March 18, 2024.

An essential element of a § 1983 action is that the conduct complained of was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *Duke v. Cleland*, 5 F.3d 1399, 1403 (11th Cir. 1993). The "under-color-of-state-law" element of § 1983 excludes from its reach merely private conduct. *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003). A public defender does not act under color of state law when engaged in his or her general representation of a criminal defendant. *Dodson*, 454 U.S. at 318. As in the prior action, Wheatley fails to state a claim under 42 U.S.C. § 1983 against these Defendants.

Because Wheatley was previously warned about the deficiencies with these claims and given a chance to amend, the Court finds additional opportunities to

amend to be unwarranted. Thus, this case should be dismissed *sua sponte* prior to service.

Accordingly, it is respectfully RECOMMENDED that:

1. This action be DISMISSED under 28 U.S.C. §§ 1915(e)(2)(B)(ii) because Plaintiff fails to state a claim on which relief may be granted.

2. The clerk be directed to close the file.

At Pensacola, Florida this 17th day of June, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.